## Commonwealth v. Faulk

*Arthur W. Bean*, assistant district attorney, for Commonwealth.

*Theodore Lane Bean* and *John R. K. Scott*, for defendant.

DANNEHOWER, J., November 30, 1938.—On September 9 and 10, 1929, defendant, Warren Faulk, Jr., was indicted by the grand jury on two separate bills of indictment, being nos. 73 and 73-1, September term, 1929, each bill charging him with the crime of arson. On Septem-

ber 9, 1929, bail, which was fixed in the sum of $5,000, was entered, and defendant was discharged from prison, where he had been held since his arrest on July 15, 1929.

On October 5, 1938, said bills of indictment were listed for trial and at that time defendant filed the present motion to quash, dismiss, and set aside said bills of indictment, alleging as his reason that said prosecution would be abated if defendant joined the Army; that defendant served two enlistment periods of three years each in the Army, and then returned to Montgomery County; that five material witnesses for defendant have either died or their whereabouts are unknown and defendant cannot properly defend; that by a delay of nine years, from September 1929 to October 1938, defendant's right to a speedy trial as guaranteed by amendment 6 of the Constitution of the United States, and by article I, sec. 9, of the Constitution of Pennsylvania, has been violated.

The trial judge ordered said motions on the argument list and continued the trial. Said motions, having been argued before the court in banc, are now before us for decision.

A fair statement of the facts of this case, as gathered from the record, defendant's motion, and the answer thereto of the district attorney, is as follows:

On July 14, 1929, defendant, a son of a highly-respected superintendent of the estate of Morris Clothier, was arrested for the crime of arson, setting fire to a farm house on May 19, 1929, on the Clothier estate, and also setting fire to another dwelling house on the same estate on July 14, 1929. After a hearing before a magistrate, defendant was held in custody to await the action of the grand jury. On September 9 and 10, 1929, the grand jury found true bills on each bill of indictment charging arson. On September 9, 1929, bail was fixed in the sum of $5,000, the bail bond was furnished and approved, and defendant was discharged from prison to appear on September 16, 1929, for trial.

Morris Clothier, the owner of the burned buildings, who had high regard for defendant's father, together with defendant's attorney, the then district attorney, and others, conferred with one of the judges. The district attorney, at the solicitation of Mr. Clothier and defendant's counsel, continued the trial of the case and defendant promised to go away and enlist in the Army. There is no intimation or suggestion by anyone of any agreement by the judge that said bills of indictment would be nolle prossed.

On September 26, 1929, defendant and his surety filed a second recognizance for defendant's appearance at the November term, 1929, of criminal court, and thereafter another recognizance was filed conditioned for defendant's appearance at the . . . . . . . . . term, 19    , bearing date the . . . . . . . . day of November, 1929.

Defendant served two enlistment periods of three years each in the Army and returned to his father's home in Montgomery County, where he has since resided. The bills of indictment were marked "dead" by a secretary of the then district attorney, meaning either that defendant was dead or that the indictments were to be placed in the "dead" file. These indictments so marked remained in the file of the district attorney's office for the remainder of the term of office of the then district attorney, during the term of office of his successor, and in July, 1938, were brought to the attention of the present district attorney, who, after a bench warrant had been issued and defendant arrested and admitted to bail, listed the case for trial at the October term, 1938, of criminal court.

The record does not show, nor is it contended by defendant, that since his arrest in 1929, he has ever requested or demanded a trial or used any efforts whatever to expedite the case or bring it to trial. On the contrary, it appears that a continuance of the trial of the case was granted at defendant's solicitation.

Therefore, the question for decision is whether a nine-year delay of a trial for arson violates the Federal and State constitutional guaranty of a speedy public trial,

when the accused has not asked for a trial and has acquiesced in the delay.

The Sixth Amendment to the Constitution of the United States, and article I, sec. 9, of the Constitution of Pennsylvania, guarantee the right and privilege of a speedy public trial to all persons charged with crime. But under the Federal cases, when a defendant has been admitted to bail, in order to avail himself of this right to a speedy trial, he must demand a trial: Worthington v. United States, 1 F. (2d) 154) : Daniels et al. v. United States, 17 F. (2d) 339; Phillips v. United States, 201 Fed. 259.

The record in this case does not show that defendant ever asked for a trial during the nine years that the indictment was pending, and, in our opinion, a defendant cannot acquiesce in the postponement of his trial, and then, when the same is called, move that the case be dismissed because he was not given a speedy trial. It is his duty, if he wants a speedy trial, to ask for it, and we must presume that he would have been granted an earlier trial had he so asked.

While no cases exactly in point can be found in Pennsylvania interpreting the right to a speedy trial under our State Constitution, nevertheless, in the following cases, where the "two-term rule" was involved, our courts applied the Federal rule: Commonwealth v. Seevers, 26 D. & C. 344, and Commonwealth v. Fisher, 226 Pa. 189. We believe the Federal rule is sound and should be followed in Pennsylvania.

By his own conduct in not asking for a trial, by seeking a continuance of the trial, and by filing recognizances for his appearance for continued trials, defendant has assented to the delay in prosecution, and is thus in no position to claim the benefit of the constitutional provisions.

And now, November 30, 1938, for the foregoing reasons, defendant's motion to quash, dismiss, and set aside the bills of indictment is overruled, refused, and dismissed, and the district attorney is directed to place the indictments on the criminal trial list.